COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judge Annunziata and
          Senior Judge Hodges
Argued at Richmond, Virginia


CAROLINA E. LEACH, an Infant,
 Who Sues By and Through Barbara
 Leach, her Mother and Next Friend

v.   Record No. 1925-94-2          MEMORANDUM OPINION* BY
                                   CHIEF JUDGE NORMAN K. MOON
COMMONWEALTH OF VIRGINIA,              AUGUST 22, 1995
 Ex Rel. Department of Medical
 Assistance Services


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                   Randall G. Johnson, Judge

          John W. Jansak (Joseph Ryland Winston; Harriman,
          Jansak, Levy & Wylie, on brief), for appellant.

          Craig M. Burshem, Assistant Attorney General
          (James S. Gilmore, III, Attorney General; William
          H. Hurd, Deputy Attorney General; Siran S.
          Faulders, Senior Assistant Attorney General &
          Section Chief, on brief), for appellee.


     Carolina Leach, an infant, by and through Barbara Leach, her

mother and next friend ("Appellant"), appeals a decision by the

Department of Medical Assistance Services (DMAS) finding that she

was no longer eligible for participation in the Technology

Assisted Waiver Program ("Waiver Program") which provides payment

for home-based services for disabled individuals and is

administered under Virginia's Medicaid State Plan in cooperation

with the federal government.  42 U.S.C.S. § 1396.  Appellant

contends that the DMAS wrongfully terminated her benefits because

---

*Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the DMAS incorrectly applied an individual cost-effectiveness test to determine her eligibility for participation in the Waiver Program. Appellant also argues that in reviewing the DMAS's decision, the circuit court did not base its decision to affirm solely on the agency record as required by the Administrative Process Act. Code § 9-6.14:16 (B). We disagree and affirm the DMAS decision.

"Code § 9-6.14:17 requires that reviewing courts `take due account of the presumption of official regularity, the experience and specialized competence of the agency, and purposes of the basic law under which the agency has acted.'" Virginia Real Estate Bd. v. Clay, 9 Va. App. 152, 160-61, 384 S.E.2d 622, 627 (1989) (emphasis added); see also Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 243, 369 S.E.2d 1, 13 (1988). "[W]here the question involves an interpretation which is within the specialized competence of the agency and the agency has been entrusted with wide discretion by the General Assembly, the agency's decision is entitled to special weight in the courts." Kenley, 6 Va. App. at 244, 369 S.E.2d at 8.

Furthermore, notwithstanding the provisions of § 9-16.14:17, this Court's review, as well as that of the circuit court, shall be based solely upon the agency record, and . . . shall be limited to ascertaining whether there was evidence in the agency record to support the case decision of the agency acting as the trier of fact.

Code § 9-6.14:16 (B).

The DMAS is the Virginia agency charged with administering the state's Medicaid program. See Code §§ 32.1-323 et seq. The DMAS possesses the requisite experience and competence necessary to determine who is eligible for the programs it administers under the Virginia Medicaid State Plan. As such, its interpretations of the statutes and regulations governing who qualifies for the Waiver Program "are entitled to deference by a reviewing court and should only be overturned when found to be arbitrary and capricious." Fralin v. Kozlowski, 18 Va. App. 697, 701, 447 S.E.2d 238, 241 (1994).

We hold that the DMAS decision to apply an individual cost-effectiveness test to determine appellant's eligibility for participation in the Waiver Program was correct under the DMAS's interpretation of applicable law and its own procedures, pursuant to the state plan. Appellant contends that Virginia elected not to apply such a test. The sole basis of appellant's argument is a pre-printed waiver form, filled out by the DMAS as part of Virginia's request for renewal of its Waiver Program. This pre-printed form indicates that an individual cost-effectiveness test would not apply. However, as the DMAS points out, an internal conflict exists: attached to the waiver form and incorporated into the request was the DMAS manual which states that it would apply such a test.

In addressing this conflict, the DMAS was entitled to consider the primary intent of the authors of the state plan and

to construe the DMAS procedures <u>to effectuate</u> that intent.  <u>See</u> <u>VEPCO v. Board of County Supvrs.</u>, 226 Va. 382, 388, 309 S.E.2d 308, 311 (1983); <u>Norfolk So. Ry. Co. v. Lassiter</u>, 193 Va. 360, 364, 68 S.E.2d 641, 643 (1952).  In doing so, the DMAS looked to the regulations governing the waiver to determine what test Virginia intended to apply when it requested the waiver.  Based on its construction of the state plan, DMAS determined that in cases like the appellant's Virginia intended to apply the individual cost-effectiveness test.

We also find that the circuit court's decision to affirm the DMAS ruling was based solely on the agency record as required by the Administrative Process Act.  Code § 9-6.14:16 (B).  The agency record supports the circuit court's affirmance of the DMAS's ruling.  Based on her receipt of private insurance to cover the cost of her medical expenses, the appellant was not entitled to continue in the Waiver Program.

Appellant argues that her entitlement to private insurance coverage was not an issue before the circuit court.  She argues that, because her private insurance was not the basis for DMAS's denial of her participation in the Waiver Program, it is not to be considered as part of the agency record.  However, the agency record belies appellant's argument.  An individual's entitlement to private insurance coverage is inextricably bound to a determination of one's eligibility to receive Medicaid benefits.  Pursuant to 42 U.S.C. § 1396n(c)(4), the DMAS was authorized to include appellant's private health insurance coverage in

determining the cost-effectiveness for her participation in the Waiver Program. Moreover, § 1396n(c)(1) permits the states to pay home and community-based services for:

> individuals with respect to whom there has been a determination that but for the provision of such services the individual would require the level of care provided in a hospital or nursing facility or intermediary care facility for the mentally retarded, the cost of which would be reimbursed under the state plan.

Additionally, § 1396b(o) states that "no payment shall be made to a State . . . for expenditures for medical assistance provided for an individual under its State Plan . . . to the extent that a private insurer . . . would have been obligated to provide such assistance. . . ."

Thus, the agency record, including the above-cited statutes, shows that the circuit court was correct in affirming the DMAS decision based on appellant's receipt of private insurance benefits. Appellant's hospital expenses would not have been reimbursed under Virginia's state plan because her entitlement to private insurance coverage made her ineligible for Medicaid benefits. Hence, as someone who would not be otherwise reimbursed under the state plan, she was not eligible to participate in the Waiver Program. 42 U.S.C. 1396n(c)(1). Similarly, appellant's private insurance coverage disqualified her by way of a cost-effectiveness analysis, since § 1396n(c)(4) directs states to compare the expected "amount of medical assistance provided" with the application of waiver to the amount provided without the waiver. When the waiver was not applied, no

medical assistance would have been provided to the appellant because her private insurance would pay for her hospital expenses.

Accordingly, the decision of the DMAS to terminate appellant's participation in the Waiver Program is affirmed.

<u>Affirmed.</u>